**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELDON COOK,

Defendant - Appellant.

No. 02-2239

(D. New Mexico)

(D.C. No. CR-01-1540)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **McKAY** , and **McCONNELL** , Circuit Judges.

---

Defendant Meldon Cook pled guilty to one count of opening or maintaining a place for the purpose of manufacturing, distributing, or using methamphetamine, in violation of 21 U.S.C. §§ 856(a)(1) and (b) and 18 U.S.C. § 2. On appeal, he wishes to challenge his conviction on the basis of the district court's denial of his

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

motion to suppress certain evidence. Appellate counsel was appointed, and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that after conscientious examination of the total record on appeal, it is his view that an appeal would be wholly frivolous, because Mr. Cook's plea agreement did not contain any language reserving the right to appeal the denial of his motion to suppress.

Federal Rule of Criminal Procedure 11(a)(2) permits a criminal defendant to enter a conditional plea of guilty, and thus to reserve the right to appeal the adverse determination of any specified pretrial motion, "[w]ith the approval of the court and the consent of the government." In this case, however, Mr. Cook pled guilty unconditionally. There is no language in the plea agreement that reserves the right to appeal, and no basis in the record for concluding that the court approved, or the government consented to, any such condition. At the plea hearing, Mr. Cook was asked: "Do you understand that if you plead guilty, there will be no basis now or in the future to challenge the legality of any confession you may have given or any evidence that was seized." Mr. Cook responded: "Yes, sir."

In his correspondence with this Court, Mr. Cook states:

The record is clear. In plea bargaining, Public Defender Gandert had the clause prohibiting my appeal of the illegal search and seizure removed from my Plea Agreement. I would never have signed it otherwise. Further, at the time that the Plea was entered, it specifically states in the record, "Has

-2-

your client waived his right to appeal?" His answer was, "No." (Sentencing transcript of August 19, 2002; Page 8, Lines 21 and 22). Finally, I was adamant that the suppression issue be appealed. Mr. Gandert agreed and encouraged me, filing my Notice of Appeal for me with this Honorable Court.

Aware of our responsibilities to examine the record with special care when counsel has filed an *Anders* brief, we have done so, and find no basis for Defendant's argument. His discussions with trial counsel are not part of the record, and nothing in the record supports his claim that he reserved the right to appeal the suppression issue. To the contrary, as already noted, at his plea hearing Mr. Cook expressly acknowledged that he understood that by pleading guilty, he was giving up any basis for challenging the seizure of evidence. Defendant's account of his sentencing hearing on August 19, 2002 is not accurate. At that hearing, the judge informed Mr. Cook that he had the right, pursuant to 18 U.S.C. § 3742, to "appeal final sentence of this court," and asked him if he waived that right. Mr. Cook answered "No." The judge then stated: "You do have the right, Mr. Cook, to appeal the final sentence of this Court as it is imposed upon offenses for which a guideline has been issued by the Sentence Commission under 28, United States Code, Section 994." Thus, Defendant's reservation of a right to appeal was explicitly confined to an appeal of the sentence.

No other grounds for appeal have been set forth.

Defendant's appeal of the judgment of conviction is therefore DISMISSED. His motion for appointment of a new appellate counsel is DENIED. His motion for extension of time to file a brief is DENIED. Appellate counsel's motion to withdraw is GRANTED, which makes Defendant's motion to dismiss appellate counsel moot, and therefore DISMISSED.

Entered by the Court


Michael W. McConnell
Circuit Judge